Orland Olandese v. Commissioner.
Olandese v. Commissioner
Docket No. 3080-69 SC.
United States Tax Court
T.C. Memo 1969-228; 1969 Tax Ct. Memo LEXIS 67; 28 T.C.M. (CCH) 1192; T.C.M. (RIA) 69228; October 28, 1969. Filed. Orland Olandese, pro se, Box 15335, Del City, Okla. G. Phil Harney, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a $220.31 deficiency in petitioner's 1967 income tax. The deficiency resulted from (1) the Commissioner's disallowance of two dependency exemptions for two of petitioner's children, Kenneth and Deborah, and (2) the computation of petitioner's tax liability at the single rate rather than at the head of household rate, on the basis *68 of which petitioner's return was filed. The evidence discloses that petitioner resided with his wife, Kathryan, and their four children (Deborah, Kenneth, Jeanette and David, then 12, 10, 8 and 6 years of age, respectively) from January 1, 1967 until September 22, 1967. They lived in a house in McAlester, Oklahoma, that petitioner and his wife were buying. The monthly payments therefor were $112 each, which Kathryn paid. Until September 22, 1967, petitioner was employed at a Naval Ordnance Depot in or near McAlester. He and his wife separated on September 22 or 23, 1967, and on September 23, 1967, he began work as a letter carrier in or near Oklahoma City. Kathryan continued to live with the four children at the house in McAlester. The spouses were divorced in December 1967 and custody of all the children was awarded to the wife, with visitation privileges in the husband. He was required to convey his equity in the house to his wife. After September 22, 1967, petitioner made no contribution (with one possible exception hereinafter noted) towards the support of any of the children up to the end of the year. Beginning sometime in January 1967, Kathryan began working on the night *69 or "graveyard" shift as an ordnance worker at the Naval Ordnance Deport at McAlester. She continued in that job at least for the remainder of the year. Her total reported gross salary or wages for that year were $4,783.24. Petitioner's total gross salary or wages from his two jobs in 1967 (ordnance worker until September 22, and letter carrier thereafter) were $5,597.20. While living together until September 22 or 23, both spouses contributed towards household expenses, petitioner perhaps a greater amount than Kathryan. Kathryan's contribution was nevertheless substantial. The record fails to disclose how much was contributed by each of them up to that time, notwithstanding detailed evidence as to amounts spent in respect of various categories of living expenses, without breakdown, however, as to the amounts spent by each. After September 22 the only family support originating from petitioner arose from the following circumstance. A joint bank account in the names of both spouses had a $500 balance of which an amount somewhat in excess of $300 was derived from an income tax refund previously paid to petitioner. After September 22, Kathryan withdrew the entire balance and used the *70 funds for family support. Apart from that amount Kathryan furnished all family support for herself and all four children for the remainder of the year after September 22. In his 1967 return petitioner claimed all four children as dependents. The Commissioner allowed him two exemptions (for) Jeanette and David) but disallowed the other two (for Deborah and Kenneth). Petitioner was the only witness in his own behalf. He was patently honest, and on the whole we found his testimony credible. Kathryan appeared as a witness for the Government. She too impressed us a sincere and credible witness. It was quite apparent, however, that considerations relating to their unhappy marriage at times dominated their testimony, which often had little bearing on the tax problem before the Court. It is also apparent that the Commissioner had little to base his determination upon other than the materials presented to the Court. He attempted to arrive at a just solution in a difficult situation. In the face of an unsatisfactory record we cannot say that he erred. [1]
1194
As to the *71 head of household issue, there is no dispute that neither Kathryn nor any of the children lived with petitioner at the end of the year 1967, or for that matter, after September 22, 1967. In the circumstances, the Commissioner correctly computed petitioner's taxes at the single rates. Sec. 1(b)(2), I.R.C. 1954; Regs. sec. 1.1-2 (c)(1). See also H. Rept. No. 586, 82nd Cong, 1st Sess., p. 107, S. Rept. No. 781, 82nd Cong., 1st Sess., p. 9; id. pt. 2, p. 4. Decision will be entered for the respondent. Footnotes
1. No issue has been raised as to the possible applicability of the special provisions in section 152(e)(2).↩